Nov. Term,
1834.

CHESS
v.
KELLY.

The judgment was reversed with costs.

*H. Cooper*, for the plaintiff.

*D. H. Colerick*, for the defendant.

(1) Ante, p. 322.   Vide *Hughes* v. *Walker*, *Carter & Co*, *May* term, 1835, post.

---

### CHESS v. KELLY and Others.

Trespass for entering the plaintiff's close. Plea, that the defendant entered to take his corn growing there, which had been distrained by the plaintiff for rent due from a third person, but which corn, on a trial of the right of property, had been adjudged to be the defendant's. *Held*, that the plea was insufficient.

*Saturday,*
*November 29.*

ERROR to the *Lawrence* Circuit Court.

BLACKFORD, J.——Trespass *quare clausum fregit* by *Chess* against *Kelly*, *Strother*, *Vest*, and *Dilby*. The declaration states that the defendants broke the plaintiff's close, and cut down and carried away his corn.

The defendants pleaded specially as follows:——That the plaintiff had distrained the corn for rent due from a third person; that *Kelly* filed a claim to a part of the corn; that the triers found the corn so claimed to be *Kelly's;* and that the justice gave judgment on the verdict for *Kelly*. The plea also states that, after this judgment, *Kelly*, with the other defendants as his assistants, entered the close and gathered the corn; which is the same trespass. The plea also states, that after the corn was gathered, *Chess* appealed from the judgment of the justice; that *Kelly* gave a bond with surety, as required by the justice, conditioned for the delivery of the corn to *Chess*, if it should be adjudged to be his; and that the judgment on the appeal was in favour of *Chess*.

There was a demurrer to this plea, and judgment for the defendants.

The gist of this action is the breaking of the plaintiff's close; and the point to be decided is, was the trespass which is charged justified by the facts pleaded? We do not consider the justification to be sufficient. Supposing the corn to have been *Kelly's* property, that circumstance alone did not authorise

him to enter upon the plaintiff's land to take it. The determination of the triers could do nothing more than establish the right of property to be in *Kelly.* It could not authorise him, to go and take the corn wherever he could find it. If *Chess,* in whose possession the corn was, refused to deliver it to the owner, he was liable to an action at law for his improper conduct; but there is nothing in the plea to show, that *Kelly* had a right to enter on the plaintiff's close and take possession of the corn. There are some cases where a man, to take his personal property, may enter on the close of another, but the facts set out in the plea before us, do not show a case of that description (1).

The plea is bad, and the judgment on the demurrer is erroneous.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. H. Thompson,* for the plaintiff.

*C. Dewey,* for the defendants.

---

(1) Trespass *quare clausum fregit.* Plea, that the defendant was the owner of a barn and of certain goods being on the plaintiff's close, &c.; and that he entered to take them, &c. Demurrer to the plea.

The counsel for the defendant, to support the plea, cited *Tayler* v. *Friskin,* Cro. Eliz. 246.—*Millen* v. *Hawery,* Latch, 13.—Vin. Abr. Tresp. H. a. 2.— *Dyke* v. *Dunstan,* 6 Ed. 4. 18.—*Millen* v. *Fandry,* Poph. 161.—Co. lib. 4. 38. b.—Com. Dig. Pl. 3 M. 42.—Year Book, 17 H. 6.—*Absor* v. *French,* Show. 28.—*Henn's Case,* Sir W. Jones, 296.—*Lifford's Case,* 11 Rep. 52 a. —Com. Dig. Pl. 3 M. 38.

*Tindal,* C. J., after stating that the barn appeared to be affixed to the freehold, and that the plea was, for that reason, bad, expressed himself as follows:—

"But we are unwilling to decide the case on so narrow a ground; for even if the barn had not been affixed to the freehold, the defendant has shown on this plea no justification of his entering to take it away. In none of the cases referred to has the plea been allowed, except where the defendant has shown the circumstances under which his property was placed on the soil of another. Here the defendant has confined himself to the statement that they were there, without attempting to show how. To allow such a statement to be a justification for entering the soil of another, would be opening too wide a door to parties to attempt righting themselves without resorting to law, and would necessarily tend to breaches of the peace. Let us examine two or three of the cases which have been cited on the part of the defendant. And first, that of fruit falling into the ground of another: that falls under the head of an accident, for which the defendant is not responsible, and which he shows by his plea before he can make out a right to enter. So in the case of a tree which is blown down, or through decay falls into the ground of a neighbour, the owner may enter and take it.

But the distinction is taken by Latch, who says that if it had fallen in that direction from the owner's cutting it, he could not justify the entry. As to the cases where goods have been feloniously taken and the owner pursues to obtain possession, the principle is laid down by Blackstone, 3 Comm. 4, who says, 'If my horse is taken away, and I find him in a common, a fair, or a public inn, I may lawfully seize him to my own use; but I cannot justify breaking open a private stable, or entering on the grounds of a third person, to take him, except he be feloniously stolen; but must have recourse to an action at law.' A case has been suggested in which the owner might have no remedy where the occupier of the soil might refuse to deliver up the property, or to make any answer to the owner's demand; but a jury might be induced to presume a conversion from such silence, or at any rate the owner might in such a case enter and take his property, subject to the payment of any damage he might commit." The other judges expressed similar opinions. *Anthony* v. *Haneys et al.* 8 Bing. 186.